UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MANUEL LOPEZ,

    Plaintiff,

v.

A. VINDIOLA, correctional officer;
S. RODRIGUEZ, correctional officer,

    Defendants.
                                 /

No. C 09-3869 SI (pr)

**ORDER OF SERVICE**

## INTRODUCTION

Manuel Lopez, an inmate at Salinas Valley State Prison, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Manuel Lopez claims that defendants failed to protect him from an attack by a rival gang member. The complaint alleges the following: On April 9, 2008, Lopez was put in administrative segregation. On April 17, 2008, an Institutional Classification Committee meeting was held, and the committee elected to keep him in ad-seg, to double-cell him, and to place him in a walk-alone yard. On May 18, 2008, he was put in a holding cell or in the yard for his yard time. Correctional officers Vindiola and Rodriguez then handcuffed him and put inmate Navarro in the cell or yard with him. Inmate Navarro is a documented rival gang member. Once the handcuffs were removed from both Lopez and Navarro, Navarro attacked Lopez and hurt

1 him. Correctional officers pepper-sprayed the fighting inmates, handcuffed them, and then
2 escorted them to separate showers to decontaminate. The prison-generated documents attached
3 to the complaint describe the altercation as mutual combat. Complaint, Exh. C, pp. 1-5. The
4 medical evaluator noted that Lopez had scratches or abrasions on his knees and knuckles,
5 Navarro had a scratch or abrasion on his forehead, and both inmates had been decontaminated
6 after O.C. spray exposure. Exh. D, pp. 6-7.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). In particular, officials have a duty to protect inmates from violence at the hands of other inmates. See id. at 833. A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. See id. at 834. To be liable in a failure to prevent harm situation, the official must know of and disregard an excessive risk to inmate safety. See id. at 837.

Liberally construed, the complaint states a § 1983 claim against correctional officers

Vindiola and Rodriguez for deliberate indifference to Lopez's safety in that they allegedly put "a documented rival gang member" in the holding cell or yard with Lopez and he promptly attacked Lopez. Complaint, statement of claim, p. 2. When given the liberal construction that is required for pro se pleadings, the allegations suffice to plead knowledge of a risk that Lopez would be harmed and deliberate indifference thereto.

Lopez also contends that correctional officers subjected him to unnecessary and wanton infliction of pain when they sprayed him with O.C. pepper spray. The core judicial inquiry in an Eighth Amendment excessive force claim is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986). Even with liberal construction, Lopez's allegations do not state a cognizable excessive force claim because Lopez's other allegations and the exhibits he refers to show that the pepper spray was used to stop an ongoing fight between two inmates or, at the very least, an ongoing inmate-on-inmate attack. Using pepper spray to stop a fight or attack would not be the malicious and sadistic use of force. The excessive force claim is dismissed.

## CONCLUSION

For the foregoing reasons,

1. The complaint states a claim for relief under 42 U.S.C. § 1983 against defendants Vindiola and Rodriguez for deliberate indifference to Lopez's safety in violation of his Eighth Amendment right to be free from cruel and unusual punishment. All other defendants and claims are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents in the case file upon these two defendants at Salinas Valley State Prison: Correctional officer A. Vindiola and correctional officer S. Rodriguez.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

3

   a. No later than **July 16, 2010**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **August 20, 2010**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).)

   c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **September 3, 2010**.

  4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

  5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: May 10, 2010

_____
SUSAN ILLSTON
United States District Judge